IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVEN LEE CARTER, Inmate #R25659,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | **CIVIL NO. 06-450-WDS** |
| **CORRECTIONS, ROGER E. WALKER,** ) | |
| **JR., ALAN UCHTMAN, RACHEL B.** ) | |
| **NUTTER, ROY L. GRATHLER, K. HESS,** ) | |
| **SCOTT MONTROS, PRISONER** ) | |
| **REVIEW BOARD,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such
> 　　relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal for failure to state a claim.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendant Nutter for falsely charging him with a disciplinary infraction.
>
> **COUNT 2:** Against unspecified defendants for finding him guilty of disciplinary infractions and denying his grievances in violation of due process.
>
> **COUNT 3:** Against unspecified defendants for failure to protect him from assault by another inmate.
>
> **COUNT 4:** Against Defendant Grathler for unconstitutional retaliation.
>
> **COUNT 5:** Against unspecified defendants for denial of due process in the revocation of good conduct credit.
>
> **COUNT 6:** Against Defendant Hess for filing a false disciplinary report against him.
>
> **COUNT 7:** Against Defendant Grathler for improperly handling his grievances.
>
> **COUNT 8:** Against Defendants Grathler, Uchtman, Montros, and Nutter for unconstitutional retaliation.

### COUNT 1

Plaintiff alleges that on July 2, 2004, Defendant Nutter charged Plaintiff with concealment of his identity, insolence, and disobeying a direct order. At a July 8, 2004, disciplinary hearing, Plaintiff denied the charges and argued that Defendant Nutter falsely charged him with the infraction

because of her dislike of "child molester[s]." The Adjustment Committee found Plaintiff guilty of all charges and disciplined him with one month in segregation, a one-month demotion to c-grade, a one-month commissary restriction, and a one-month yard restriction. Plaintiff states he requested witnesses be allowed to give testimony, but that the adjustment committee falsely reported that Plaintiff did not request any witnesses. The administrative review board affirmed the finding of guilt.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made

the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for one month. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process challenge to his confinement in segregation is without merit.

Plaintiff was also demoted to c-grade for one month, denied commissary privileges for one month, and denied yard access for one month. These allegations do not present viable constitutional claims. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade status and loss of commissary privileges). Accordingly, Plaintiff has failed to state a claim on these facts, and Count 1 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 2

Plaintiff states that on October 29, 2004, Defendant Montros charged Plaintiff with damage or misuse of property and intimidation or threats. The adjustment committee held a disciplinary hearing on the charges on November 4, 2004. The adjustment committee report indicates that Plaintiff refused to appear. Based on Defendant Montros's observations, the committee found Plaintiff guilty and disciplined him with three months segregation, a three-month demotion to c-grade, a three-month commissary restriction, and a one-month yard restriction. Plaintiff states that he never received a copy of the disciplinary report, and therefore, he refused to attend the hearing. Plaintiff states that he filed grievances and a suit in state court about the disciplinary matter, but the grievances were denied or lost. He does not indicate the outcome of the state court suit.

As stated in Count 1, above, to state a claim that due process was violated, Plaintiff must show that he was denied a constitutionally-protected liberty interest. In the November 4 hearing, Plaintiff was disciplined with three months segregation, a three-month demotion to c-grade, a three-month commissary restriction, and a one-month yard restriction. As explained above, none of these deprivations implicate a liberty interest and therefore do not present viable constitutional claims.

Plaintiff's allegations also express frustration with the handling of his grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Consequently, Plaintiff does not state a claim regarding the alleged mishandling of his grievances.

Accordingly, Plaintiff has failed to state a claim of constitutional dimension upon the facts alleged; Count 2 is therefore **DISMISSED** with prejudice from the action. *See* 28 U.S.C. § 1915A.

## COUNT 3

Plaintiff states that in December 2004 he was attacked by his cellmate who kicked and punched him in the face and back. Plaintiff told Officer Medzo (not a defendant) and Sgt. Dunn (not a defendant) about the attack and he was moved to a different cell. He requested placement in a single cell so that he wouldn't be attacked further. When his request was not granted, he went on a hunger strike. Plaintiff states that he wrote a grievance about the situation and gave it to his unnamed counselor, but he received no response.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials

have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Plaintiff has failed to state a claim on these allegations. Plaintiff states he was moved after the attack, but that he was not placed in a single cell as he requested. This is not deliberate indifference to his safety. Plaintiff's statement of claims indicates that prison officials recognized the threat, and moved him away from it. That he was not placed in accordance with his wishes is insufficient to state a constitutional claim. Accordingly, Count 3 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 4

Plaintiff states that in August 2005, he was scheduled to transfer to a lower-security unit. As he was escorted to the new unit, Defendant Grathler began to harass Plaintiff, calling him names for writing grievances. Later that day, Defendant Grathler wrote a disciplinary report against

Plaintiff for disobeying a direct order and insolence. At a subsequent disciplinary hearing, the adjustment committee found Plaintiff guilty of the charges and disciplined him with one-month in segregation and a one-day demotion to b-grade. Plaintiff believes that Defendant Grathler falsely charged him in retaliation for filing grievances about second-hand smoke, haircuts, and law library access, in an attempt to keep him from transferring to a lower-security unit.

As stated in Count 1, above, Plaintiff's allegations do not state a due process claim because the deprivations he experienced–one month in segregation and a one-day demotion to b-grade–do not implicate constitutionally-protected liberty interests.

These facts, however, do state a claim of improper retaliation on the part of Defendant Grathler. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Based on Plaintiff's allegations and these legal standards, Plaintiff may proceed against Defendant Grathler on the retaliation claim in Count 4.

## COUNT 5

Plaintiff states that in August 2005, Julie Potts (not a defendant) charged him with filing a frivolous lawsuit, in violation of prison rules. In September 2005, the adjustment committee found Plaintiff guilty of the charge and disciplined him with the revocation of three months of good

conduct credit. A second adjustment committee report appears in the record, dated January 2006, and indicates that the administrative review board ordered a rehearing on the charges. The administrative review board's report is not part of the record, so it is not clear why the rehearing was ordered. At the second disciplinary hearing in January 2006, Plaintiff was again found guilty of the charge and disciplined with revocation of three-months good conduct credit.

Plaintiff raises a number of complaints regarding the disciplinary procedures used in the revocation. He states that he was not allowed to present evidence on his behalf at the initial hearing, nor were his witnesses called or his statement taken. He states he did not receive adequate notice of either hearing, and that the committee ultimately found him guilty without a proper investigation.

A loss of good conduct credit implicates a constitutionally-protected liberty interest because such a loss potentially affects the length of Plaintiff's sentence. Therefore, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the two disciplinary proceedings. The proper method for challenging the revocation of good time credit, however, is habeas corpus, not a civil rights action under section 1983, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, Count 5 is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, **but only after he has exhausted his state court remedies**.

**COUNT 6**

Plaintiff states that in February 2006, after a routine shakedown, Defendant Hess filed a false disciplinary report against him for altering his pillow. Plaintiff never received a copy of a shakedown slip indicating that the pillow was altered, nor was he shown the altered pillow. Plaintiff states that the adjustment committee found him guilty and charged him $7.00 for the pillow. Plaintiff does not include a copy of the adjustment committee report as an exhibit to the complaint, so it is unclear whether other disciplinary measures were taken against him for the infraction.

The only constitutional right that might be implicated by these facts is plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, plaintiff has no claim under Section 1983; Count 6 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

**COUNT 7**

Plaintiff states that Defendant Grathler and Lt. Veath (not a defendant) intentionally read and threw away inmate grievances before the assigned counselor received them.

As stated in Count 2, above, "a state's inmate grievance procedures do not give rise to a

liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff does not state a claim regarding the alleged mishandling of his grievances. Count 7 is therefore **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 8

Plaintiff states that Menard Correctional Center staff have conspired to retaliate against him for writing grievances. Defendant Grathler reads the grievances, then in retaliation, files false disciplinary reports against Plaintiff. The false reports prevent him from transfer to a lower-security facility because he will not be considered for such transfer until he has completed six months without a disciplinary report. Plaintiff states that the adjustment committee, the administrative review board, the prisoner review board, unnamed grievance officers and counselors, and Defendant Uchtman are all part of the conspiracy, in that they find Plaintiff guilty of the false charges without proper investigation. Defendants Montros and Nutter also retaliated against Plaintiff for filing grievances involving them individually.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of

retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Based upon Plaintiff's allegations, he has stated a claim and may proceed on Count 8 of the complaint.

A word about defendants is in order, however. Plaintiff names only four defendants personally responsible for this retaliation–Defendants Grathler, Uchtman, Montros, and Nutter. Plaintiff states that Defendant Walker is responsible for the retaliation because he is in charge of the IDOC and therefore is responsible for training prison staff and for signing off on denial of grievances. This is insufficient to state a claim against him. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Plaintiff also cannot state claims against the Illinois Department of Corrections, prisoner review board, adjustment committee, or administrative review board, because these entities are not "persons" under section 1983, but are arms of the state. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d

218, 220 n. 3 (7th Cir. 1990) (same).

Accordingly, Plaintiff may proceed on Count 8, but against only Defendants Grathler, Uchtman, Montros, and Nutter.

### DISPOSITION

Plaintiff may proceed on the retaliation claim in Count 4 against Defendant Grathler, and on Count 8 against Defendants Grathler, Uchtman, Montros, and Nutter. Counts 1, 2, 3, 5, 6, and 7, and Defendants Illinois Department of Corrections, Roger E. Walker, C/O Hess, and the Prisoner Review Board are **DISMISSED** from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for *Defendant Uchtman* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.[1] The Clerk is **DIRECTED** to send Plaintiff **1** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Grathler, Uchtman, Montros, and Nutter*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Grathler, Uchtman, Montros, and Nutter* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For

---

[1] According to the Court's docket, Plaintiff has already submitted USM-285 forms for Defendants Grathler, Montros, and Nutter.

purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  May 30, 2007**

                                           **s/ WILLIAM D.  STIEHL**
                                                **DISTRICT JUDGE**