IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVEN LEE CARTER,** | ) | |
| Plaintiff, | ) | |
| V. | ) | Civil No. **06-450-WDS** |
| **ILLINOIS DEPT. OF CORRECTIONS, et al.,** | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Keven Lee Carter's motion for summary judgment on all claims**. (Doc. 33).** In support of his motion, plaintiff has submitted a statement of uncontested facts. **(Doc. 34).** Defendants Alan Uchtman, Roy L. Grather, Scott Montroy and Correctional Officer Nutter(a.k.a. Rachel Vasquez [1]) have filed a response. **(Doc. 35).** Plaintiff did not file a reply. This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

At this juncture, only Counts 4 and 8 remain. **(Doc. 11).** Count 4 alleges that defendant Grathler retaliated against plaintiff for filing grievances by lodging false disciplinary reports against plaintiff, in an attempt to keep plaintiff from transferring to a lower security unit. Count 8 alleges that defendants Grathler, Uchtman, Montros and Nutter conspired to retaliate against plaintiff and individually retaliated against plaintiff for writing grievances by initiating false disciplinary reports and participating in finding plaintiff guilty without proper investigation.

---

[1]This Court will continue to refer to defendant Nutter, as that is the name appearing in the complaint and on the Court's docket.

Plaintiff argues that he is entitled to summary judgment because he has stated a prima facie case of retaliation and the uncontradicted evidence overwhelmingly supports his claims. Plaintiff observes that the defendants denied his allegations in their answers **(Docs. 24 and 26)**, but did not submit any evidence in support of their denials, thereby rendering the facts uncontroverted. Plaintiff also asserts that the defendants are not entitled to qualified immunity because the law regarding retaliation is clearly established.

In response, the defendants contend that it is insufficient to merely present a prima facie case of retaliation, and retaliation will not be found if they can show that the result would have been the same absent a retaliatory motive. They assert that questions of material fact remain and note that plaintiff has not supported his statement of uncontested facts with an affidavit or other supporting evidence.

### Legal Standard for Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ." **Fed.R.Civ.P. 56(c);** *Oats v. Discovery Zone,* **116 F.3d 1161, 1165 (8th Cir. 1997) (citing** *Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986)).** The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Inc. Co.,* **123 F.3d 456, 461 (7th Cir. 1997) (citing** *Celotex,* **477 U.S. at 323).**

In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. **See** *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);**

*Regensburger v. China Adoption Consultants, Ltd.,* **138 F.3d 1201, 1205 (7th Cir. 1998).** If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* **446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted);** *Celotex,* **477 U.S. at 322-26;** *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).** If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson,* **477 U.S. at 249-250 (citations omitted);** *accord Strazenski v. City of Elkhart,* **87 F.3d 872, 880 (7th Cir. 1996);** *Tolle v. Carroll Touch, Inc.,* **23 F.3d 174, 178 (7th Cir. 1994).** "[The non-movant's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." *Weeks v. Samsung Heavy Indus. Co.,* **126 F.3d 926, 939 (7th Cir. 1997).** Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. *Chiaramonte v. Fashion Bed Group, Inc.,* **129 F.3d 391, 401 (7th Cir. 1997).** However, when all the Court has before it are the parties' diametrically opposed statements on the critical and ultimate issues of fact, the Court must pass the case to the next phase of litigation.

### Analysis and Conclusions

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See Walker v. Thompson*, **288 F.3d 1005 (7th Cir. 2002);** *DeWalt v. Carter*, **224 F.3d 607 (7th Cir. 2000);** *Babcock v. White*, **102 F.3d 267 (7th Cir. 1996);** *Cain v. Lane,* **857 F.2d 1139 (7th Cir. 1988).** To establish a First Amendment claim of retaliation for exercising free speech, an inmate must allege a chronology of events from which retaliation can be inferred, and prove both that his grievances were the

3

motivating factor behind the defendant's conduct, and that things would have transpired differently absent the retaliatory motive. ***Hasan v. Department of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).**

As noted above, the movant– plaintiff– bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Inc. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323).** Plaintiff's motion is fatally flawed because even though there is documentary evidence in the record [2] establishing a chronology of events from which retaliation could be inferred (***see*** **Docs. 1-2--1-16)**, there is no evidence that the grievances were the motivating factor behind the defendants' conduct, and that things would have transpired differently absent the retaliatory motive. Plaintiff has failed to sustain his heavy burden of establishing the nonexistence of a genuine issue of material fact, *and* that he is entitled to judgment as a matter of law. Therefore, this Court would deny plaintiff's motion for summary judgment.

Plaintiff asserts that the defendants are not entitled to qualified immunity because the law regarding retaliation is clearly established. Qualified immunity shields officers from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).** The general law regarding retaliation, as set forth above, is clearly established. However, because of the material questions of fact that remain regarding whether the grievances were the motivating factor behind the defendants' conduct, and whether things

---

[2]The Court is assuming the documentary evidence submitted with the complaint is unchallenged, although plaintiff has not submitted so much as an affidavit vouching for the authenticity of the documents.

4

would have transpired differently absent the retaliatory motive, the Court cannot adequately assess the applicability or inapplicability of qualified immunity. Therefore, plaintiff's motion for summary judgment relative to the affirmative defense of qualified immunity should be denied.

## Recommendation

For the aforestated reasons, it is this Court's recommendation that plaintiff Keven Lee Carter's motion for summary judgment **(Doc. 33)** be denied in all respects and that Counts 4 and 8 proceed.

**DATED: February 17, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 6, 2009**. No extensions of time will be granted.