IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.                           Case No. 06-cv-450-DRH-CJP

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

The above-captioned action is brought by prisoner-plaintiff Keven Lee Carter pursuant to **42 U.S.C. § 1983**, against multiple prison officials for alleged constitutional violations occurring at Pinckneyville Correctional Center (Doc. 1; *see also* Doc. 11). Plaintiff is currently housed at Menard Correctional Center. Before the Court is defendant Warden Alan Uchtman's motion for summary judgment on all claims against him (Doc. 45). Defendant Uchtman is only named as a defendant in Count 8, which alleges that defendants Grathler, Uchtman, Montros and Nutter conspired to retaliate against Plaintiff and individually retaliated against Plaintiff for writing grievances by initiating false disciplinary reports and participating in finding Plaintiff guilty without proper investigation (*see* Docs. 1 & 11). When Plaintiff was deposed he unequivocally stated that he had no claims against defendant Uchtman

and Uchtman could be dismissed (Doc. 45, Ex. 1 - Carter Dep., 16:22-17:1).[1] Accordingly, defendant Uchtman has moved for summary judgment on this basis.

Plaintiff Carter did not file a Response in the traditional sense. Rather, plaintiff filed a "Motion to Show Cause," in which he states, verbatim:

> That after further review of the discovery in his possession, he has no argument in allowing summary judgment in Alan Uchtman's favor only since he can't point how he is responsible for inactions that violate his 1st Amendment right under the U.S. Constitution.
> ***
> Wherefore he prays for an order granting summary judgment in Alan Uchtmans favor, not any other defendant in this case.

(Doc. 53, pp. 2-3).

## Legal Standard for Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone,* **116 F.3d 1161, 1165 (8th Cir. 1997) (citing** *Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Inc. Co.,* **123 F.3d 456, 461 (7th Cir. 1997) (citing** *Celotex,* **477**

---

[1] The following excerpt is from Plaintiff's deposition, taken on August 29, 2008:

> Q: The last defendant we have is Defendant, Warden Uchtman. What are your claims against Warden Uchtman?
>
> A: That one, I don't know, I think we can probably dismiss him.

(Doc. 45, Ex. 1 - Carter Dep., 16:22-17:1.)

**U.S. at 323)**.

### Analysis

A hearing on defendant Uchtman's summary judgment motion seems unnecessary. Plaintiff Carter has clearly conceded the Motion, thereby abandoning any claims against defendant Uchtman. There are no material questions of fact or any other reason not to grant the pending Motion and terminate defendant Uchtman as a Defendant in this action.

### Conclusion

For the reasons stated herein, the Court **GRANTS** defendant Uchtman's Motion for Summary Judgment (Doc. 45). As such, the only claims that remain pending for trial in this matter is Plaintiff's Count 4 against defendant Grathler for unconstitutional retaliation and Count 8 against defendants Grathler, Montros and Nutter for unconstitutional retaliation. A Final Pretrial Conference is hereby set for **Friday, June 12, 2009 at 1:30 p.m.** Plaintiff shall appear via video-conference.

**IT IS SO ORDERED**.

Signed this 20th day of May, 2009.

/s/   David R Herndon
**Chief Judge**
**United States District Court**