IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.                                                  Case No. 06-cv-450-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Plaintiff's Motion for Relief From Judgment Under Rule 60(b) (Doc. 86), to which Defendants have responded in opposition (Doc. 87). Plaintiff asks the Court to reverse its order which granted Defendants' Motion for Judgment as a Matter of Law – made at the conclusion of Plaintiff's case-in-chief during trial – reinstate his claims, grant a new trial and appoint "stand by" counsel to prepare him for trial. For the reasons discussed herein, the Court finds Plaintiff's arguments do not warrant his request for relief.

## II. Legal Standard

Although Plaintiff moves for relief from judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**, because the Court is to construe *pro se* pleadings more liberally than pleadings filed by attorneys, the Court will also need to determine whether Plaintiff's argument is more appropriately made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**. ***See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)**.  The Seventh Circuit has clarified that although motions filed after 28 days[1] of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 28 days of the rendition of judgment can be analyzed under either Rule 60(b) or Rule 59(e), depending upon the substance of the motion.  ***See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ("[W]hether a motion filed within [28] days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion . . . . district courts should evaluate [the motion] based on the reasons expressed by the movant.")**. Plaintiff filed the instant motion less than 28 days after judgment was entered and therefore, either rule could technically be applicable.

Rule 59(e) motions serve a narrow purpose and must clearly establish either: (1) a manifest error of law or fact or (2) present newly discovered evidence. ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996);** *Federal Deposit Ins.*

---

[1] The original clarification pertained to the former 10-day filing period under Rule 59(e). However, effective December 1, 2009, the time period for filing a motion pursuant to Rule 59(e) changed to 28 days.  **FED. R. CIV. P. 59(e)**.

*Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted). The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. *Moro*, 91 F.3d at 876 (citation omitted); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994), *cert. denied*, 514 U.S. 1023 (1995). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. ( In re BNT Terminals, Inc.*), 125 B.R. 963, 977 (N.D. Ill. 1990) (citations omitted). **Rule 59(e**) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. *BNT Terminals*, 125 B.R. at 977.

"'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" *Karraker v. Rent-A-Center,* Inc., 411 F.3d 831, 837 (7th Cir. 2005)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)). A Rule 60(b) motion permits relief from a final judgment, order or proceeding when it is based on one of six specific grounds

listed in the rule. *See Talano v. Northwestern Medical Faculty Foundation, Inc.*, **273 F.3d 757, 762 (7th Cir. 2001)**. Rule 60(b) allows a party to seek relief from a final judgment, order, or other proceeding for one of the following six reasons as set forth in the provision:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**FED. R. CIV. P. 60(b).**

Motions to reconsider interlocutory orders "are left subject to the complete power of the court rendering them" and should be granted "as justice requires," **FED. R. CIV. P. 60 Advisory Committee's Notes**, and must be "consonant with equity." *John Simmons Co. v. Grier Brothers*, **258 U.S. 82, 90-91 (1922);** *see also* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60 App.108[2] (3d ed. 2004). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit*

***Agricole*, 90 F.3d at 1270**. Thus, Rule 60(b) "is not an appropriate vehicle for addressing simple legal error . . . ." ***Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)**.

### III. Discussion

**A.   Failure to Appoint Counsel**

In his Motion, Plaintiff seeks relief from the judgment as a matter of law rendered after the conclusion of Plaintiff's presentment of his case-in-chief during his jury trial, conducted on December 14, 2009, regarding his unlawful retaliation claims against defendants Rachel Vasequez, Roy L. Grathler and Scott Montroy (Counts 4 and 8). As grounds for his Motion, Plaintiff asserts that the magistrate judge abused his discretion by denying Plaintiff's request for appointment of counsel or "stand-by" counsel. Without counsel, Plaintiff asserts he was unable to contact his lay witnesses prior to trial to verify that they would be testifying. Because Plaintiff had no idea his witnesses would refuse to testify, he was unable to make a case to show Defendants retaliated against him for his grievances filed against them (Doc. 86, pp. 1-2).

Plaintiff further complains that because he was proceeding *pro se* while incarcerated, he was unable to present copies of his grievances during trial to show the exact dates he complained about each Defendant in his grievances. Additionally, Plaintiff believes that without counsel, he was unable to properly testify as to how each Defendant retaliated against him. Plaintiff also believes that not having

appointed counsel hindered his ability to prepare jury instructions prior to trial, which worked a prejudice against him as he did not know when to object to Defendants' proposed instructions. Lastly, Plaintiff asserts that without appointed counsel, he was unable to obtain an expert to present testimony during trial.

Plaintiff's first motion for appointment of counsel (Doc. 3) was denied without prejudice as being premature, because the Court had not yet conducted its merit-based, preliminary review of Plaintiff's complaint pursuant to **28 U.S.C. § 1915A** (Doc. 10). Approximately a year and a half later, on August 4, 2008, Plaintiff filed a renewed motion to appoint counsel (Doc. 39). The motion was again denied, but stated that the Court would remain open to the possibility of appointing counsel as this case progresses, if the need becomes apparent (Doc. 49). Specifically, the Court analyzed the motion to appoint counsel pursuant to the requirements set forth in ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)**, which advises that the Court make the following inquiries: "(1) has the indigent [movant] made reasonable efforts to retain counsel or been effectively precluded from making such efforts before requesting appointment" and "(2) given the difficulty of the case, [does the movant] appear to be competent to try it himself?"

Although Plaintiff had made reasonable attempts to obtain counsel, the Court believed that Plaintiff's remaining unlawful retaliation claims were not so overly complex that Plaintiff could not present his case without assistance of appointed counsel (Doc. 49, p. 2). Instead, the Court observed:

> To date, [P]laintiff has more than adequately articulated his position and navigated through the discovery phase, although he required additional time. Plaintiff does not contend that he is denied all access to the law library; rather, his controlled access has slowed his progress. As previously noted, the Court has and will continue to attempt to reasonably allocate additional time for [P]laintiff to meet deadlines . . . . Insofar as [P]laintiff indicates that he has a psychiatric illness, he also confirms that he is taking medication. Plaintiff does not contend that his psychiatric issues impair his ability to litigate this action; rather, he indicates that the medication gives him "the shakes" and he has trouble concentrating. The Court does not perceive that those side effects hinder his ability to proceed pro se through the pretrial phase of this action, except to the extent that additional time may be required. Again, the Court has attempted to be accommodating by allotting additional time when necessary.

(*Id*. at 2-3.) Thereafter, Plaintiff never made another request for appointment of counsel, even though his trial did not commence until more than a year after the most recent order denying his request for counsel was issued.

Plaintiff well knows that there is no absolute right to appointment of counsel in a civil case, such as this § 1983 civil rights suit. ***See Hudson v. McHugh*, 148 F.3d 859, 862 n.1 (7th Cir. 1998)**.[2] Although allowed under **28 U.S.C. § 1915(e)**, the decision on whether to appoint counsel for an indigent plaintiff in a civil suit is purely within the Court's discretion. ***See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)**. Here, the Court does not believe

---

[2] Although Plaintiff cites to ***Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993)**, in support of his position that the outcome of his trial would have been different had he been appointed counsel, *Tabron* clearly follows the rationale that the decision to appoint counsel to a civil litigant is at the discretion of the court. Further, ***Tabron*** adopted the requirements set forth by the Seventh Circuit in ***Pruitt***, applied by this Court to Plaintiff's case. Finally, the Court notes that it need not follow precedent of a sister circuit court, such as the Third Circuit, especially if the opinions of the Seventh Circuit already provide clear guidance on the same issue.

the magistrate judge abused his discretion in denying Plaintiff's last request for appointment of counsel.  Rather, the Court found Plaintiff appeared competent to litigate his unlawful retaliation claims and was not completely hindered by either the circumstances of his confinement or his mental condition.  It clearly advised Plaintiff that the Court would accommodate requests for extension of time when he experienced difficulties in the continuing litigation of the case due to his confinement or for other good cause.  As such, the Court does not find that this constitutes a "mistake of law or fact" necessary under Rule 59(e) or Rule 60(b) to argue that the judgment should be altered.  Plaintiff also cannot plausibly argue that this constitutes newly discovered evidence or any of the other grounds enumerated in Rule 60(b).

Moreover, at no other point in the record does it appear Plaintiff requested counsel or otherwise informed the Court that he was having difficulties with the litigation process, with the exception of his requesting additional time, which was allowed.  His shortcomings surrounding the trial did not stem directly from the Court's refusal to appoint counsel when he made his last request, more than a year prior to the trial.  Plaintiff cannot complain in hindsight because he did not perform as he had hoped or because the outcome of the trial was not as desired.  In sum, all of Plaintiff's arguments regarding how proceeding *pro se* without appointed counsel negatively affected the outcome of his suit fall short of grounds adequate under either Rule 59(e) or 60(b) for the Court's consideration.

### B. Failure to Appoint Expert Witness

Plaintiff also complains that the Court erred in denying his motion to show cause for expert testimony (Doc. 78), filed four days prior to trial. In this motion, Plaintiff asked the Court to issue an expedited order to allow him access to lay and expert witnesses for his trial, stating that he had previously filed a similar motion in October 2009 for lay and expert witnesses, which the Court had not yet addressed. Continuing, Plaintiff further stated that due to his imprisonment, he is unable to present lay or expert witnesses at trial.[3] That same day, the Court issued its order denying Plaintiff's motion (Doc. 79), finding that the record was devoid of any October 2009 motion filed by Plaintiff requesting lay or expert witnesses. The Court also could not grant Plaintiff's request because he gave no explanation as to what type of lay and expert witnesses he desired to present during trial, a description of their anticipated testimony or why such witnesses would be necessary and relevant (*Id*., p. 1). As only unlawful retaliation claims remained for trial, the Court could not imagine how such claims would require or benefit from expert testimony, as proving such claims turns on mere factual issues regarding the reasons prompting Defendants to write the various disciplinary tickets against Plaintiff.

Regarding Plaintiff's request for access to lay witnesses, the Court's

---

[3] In support of his request, Plaintiff cited **FEDERAL RULES OF EVIDENCE 614(a), 706(b) and 54(d)**. Rule 614(a) allows the Court to call a witness on its own motion or at the suggestion of a party, Rule 706(b) allows reasonable compensation be paid to court appointed expert witnesses. Rule 54(d) of the Federal Rules of Evidence does not exist. Perhaps Plaintiff meant Federal Rule of Civil Procedure 54(d), which deals with attorneys' fees and costs, although not particularly germane to his argument.

order stated that it had already issued video writs (Doc. 73) for the lay witnesses identified by Plaintiff, all at the Government's expense (*Id.* at 1-2). Because Plaintiff had not identified additional witnesses in his motion to show cause (Doc. 78), the Court was unable to provide any further relief. Regarding Plaintiff's access to his lay witnesses, because he and his lay witnesses were incarcerated within the custody of the Illinois Department of Corrections, the Court has no authority to compel authorities to allow Plaintiff access to his witnesses. On the day of trial, Plaintiff was, however, given the opportunity, outside of the presence of the jury, to talk to his lay witnesses and inform them as to why they were being called to testify. This was as much access as the Court could provide.

The Court notes that the Final Pretrial Order[4] (Doc. 71) does state under the listing of "expert witnesses": "Plaintiff moves the Court pursuant to Federal Rule of Evidence 614(a) & 706(b) and 28 U.S.C. § 1920 and 2412)" (Doc. 71, p. 3). Yet, Plaintiff never verbally made such a motion nor did he further elaborate to inform the Court as to what type of expert witness he believed should be appointed, the anticipated subject matter of the expert testimony or why he believed expert testimony would be necessary in proving his unlawful retaliation claims against Defendants. He also does not give any such explanation in his current Motion (Doc. 86) seeking relief from judgment. Therefore, the Court remains justified in its denial of his subsequent motion to show cause (Doc. 78). Accordingly, the Court does not

---

[4] The Final Pretrial Conference was conducted on August 6, 2009 (Doc. 70), the Final Pretrial Order issued the next day (Doc. 71).

find it committed a mistake of law or error that would warrant the post-judgment relief Plaintiff seeks.

C.      **The Court's Dismissal of Plaintiff's Claims**

Lastly, Plaintiff argues that the Court erred for dismissing his unlawful retaliation claims at the close of his case during trial, arguing instead that he adequately established claims to survive a judgment as a matter of law. In other words, Plaintiff believes he put sufficient evidence on the record through his own testimony to make his case of unlawful retaliation against Defendants. At the very least, Plaintiff appears to argue that the evidence he introduced during trial should have thereafter required Defendants to put on their case-in-chief and ultimately, to let the issues go to the jury (Doc. 86, pp. 5-7).

Plaintiff's argument in this regard seems to focus on the federal pleading standard, which under **FEDERAL RULE OF CIVIL PROCEDURE 8**, requires only notice-based pleading (Doc. 86, p. 7, ¶ 19). However, while meeting the standard of Rule 8 will allow a claim to survive a motion to dismiss for failure to state a claim as a matter of law under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the same does not hold true beyond that point – such as at the summary judgment stage or trial. So this argument is unavailing.

During trial, Plaintiff has the burden of proof to show unlawful retaliation and as Defendants correctly state, this requires Plaintiff to produce evidence showing: (1) Plaintiff engaged in constitutionally protected speech (i.e.,

writing a grievance), (2) Plaintiff suffered a deprivation likely to deter free speech; and (3) Plaintiff's speech was the sole cause of the adverse action (i.e., disciplinary tickets written by Defendants) (Doc. 87, p. 4, citing **Gunville v. Walker, 583 F.3d 979, 983 (7th Cir. 2009)**). At the close of Plaintiff's case, upon Defendants' oral motion for a judgment as a matter of law, which the Court granted, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 50**. Rule 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > (A) resolve the issue against the party; and
> >
> > (B) grant the motion for judgment as a matter of law against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue.

After hearing the Parties' respective arguments regarding Defendants' Rule 50 motion, the Court found Plaintiff had failed to make a proper showing that any of the Defendants had unlawfully retaliated against him. Plaintiff, in his instant Motion, offers no new evidence or other convincing argument that the Court made its ruling based on an error of fact or law, upon which the Court may grant his requested relief from judgment.

### IV. **Conclusion**

For the reasons discussed herein, the Court finds Plaintiff has not presented sufficient grounds required by either Rule 59(e) or Rule 60(b) to grant his request for relief from the judgment as a matter of law entered in Defendants' favor during trial. As such, Plaintiff's Motion for Relief From Judgment Under Rule 60(b) (Doc. 86) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 16th day of July, 2010.

/s/  DavidRHerndon

**Chief Judge**
**United States District Court**