IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEVEN LEE CARTER,**

    **Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**                                              **Case No. 06-cv-450-DRH**

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Plaintiff's Motion for New Trial (Doc. 88). Additionally, the Court will herein address Plaintiff's second Motion for New Trial (Doc. 93), as both pose the same arguments, the only differences being that Plaintiff has added one additional paragraph to his second motion (Doc. 93, p. 2, ¶ 1(C)), and the second motion contains a certificate of service attached whereas his first motion does not. Defendants have filed a single opposing Response (Doc. 94), to which Plaintiff has filed a single Reply (Doc. 99). Because under the Court's Local Civil Rule 7.1(c) reply briefs are not favored by the Court except in exceptional circumstances, Plaintiff was ordered to thereafter file a statement of exceptional

circumstances (*see* Doc. 100).

In response to the Court's order, Plaintiff filed a Motion to Show Cause (Doc. 106), which the Court construes as his statement of exceptional circumstances. With the exception of Plaintiff's explanation regarding the timeliness of his motions for new trial (Doc. 106, pp. 1-2, ¶ 1), the Court does not find that the remainder of his Reply to be "exceptional." Therefore, the Court will only consider that portion of Plaintiff's Reply which relates to the timeliness of filing issue (Doc. 99, pp. 1-2, ¶ 1) and so it grants in part and denies in part said Motion to Show Cause (Doc. 106).

In both his initial and second Motion for New Trial, Plaintiff seeks an order reversing the judgment as a matter of law (Doc. 85), granted in favor of Defendants at the close of Plaintiff's case during the jury trial. He further asks that a new trial be granted, reinstating his claims of unlawful retaliation against remaining defendants Roy L. Grather, Scott Montroy and Rachel Vasequez. For the reasons discussed herein, the Court finds Plaintiff's arguments do not warrant his request for relief.

## II. <u>Discussion</u>

### A.   Timeliness of Filings

First, Defendants raise the issue of timeliness in regards to Plaintiff's second Motion for New Trial (Doc. 93), arguing that under **FEDERAL RULE OF CIVIL PROCEDURE 59(b)**, "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment," and that this deadline may not be extended under

**FEDERAL RULE OF CIVIL PROCEDURE 6(b)(2)** (Doc. 94, pp. 1-2).  Plaintiff's second Motion (Doc. 94), has a certificate of service indicating that he placed the motion in the institutional mail on January 13, 2010.  However, as Defendants note, judgment in this case was entered on December 15, 2009, and therefore, the 28-day window under Rule 59 expired after January 12, 2010 – one day before Plaintiff even began the mailing process (*Id.* at 2).  In reply, Plaintiff explains that due to institutional lock downs between December 14, 2009 through December 21, 2009 and December 28, 2009 through January 11, 2010, he was unable to either obtain legal envelopes or make copies of his Motion for New Trial to mail until January 13, 2010 (Doc. 99, pp. 1-2).  The Court observes that Plaintiff does not address anything regarding the timeliness of his first Motion for New Trial (Doc. 88), nor do Defendants.

Defendants are correct in their assertion that the Court is prohibited from granting extensions of time pursuant to Rule 6(b)(2) in regards to the 28-day window for filing motions pursuant to Rule 59.  Therefore, Plaintiff's second Motion for New Trial (Doc. 93) shall be denied as untimely filed.  However, there remains pending Plaintiff's first Motion for New Trial (Doc. 88), which, although it has no proper certificate of service, is dated before the expiration of the 28-day filing window.  More importantly, is the fact that the first Motion was filed by this Court on January 14, 2010. Assuming the three-day service rationale of **FEDERAL RULE OF CIVIL PROCEDURE 6(d)**, this means Plaintiff must actually have placed the first Motion in the mail system of his correctional facility prior to the 28-day deadline, which was

January 12, 2010. Further, given the leniency allowed to *pro se* plaintiffs who are incarcerated, the Court will look past the omission of the certificate of service on Plaintiff's first Motion. Lastly, because there is no evidence to show Defendants were ever properly served with Plaintiff's first Motion, it will consider Defendant's Response (Doc. 94) to the second Motion, given that both of Plaintiff's motions for new trial were nearly word for word with the exception of one added paragraph in the second motion – paragraph 1(C) – which the Court will not consider. As such, the Court will move forward considering only the arguments raised in Plaintiff's first Motion for New Trial, filed pursuant to Rule 59 (Doc. 88).

**B.   New Trial**

Although Plaintiff does not specify which Rule 59 provision he is moving pursuant to, because he asks for a new trial, this most appropriately falls under Rule 59(a). Under Rule 59(a), the Court may grant a new trial after a jury trial "for any reason which a new trial has heretofore been granted in an action at law in federal court . . . ." **FED. R. CIV. P. 59(a)**. However, a new trial should be granted "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the Court's] conscience." ***Davis v. Wis. Dep't of Corr.*, 445 F.3d 971, 979 (7th Cir. 2006) (internal citations omitted)**.

Plaintiff asserts that a new trial should be granted because his jury trial was not impartial and was actually prejudicial towards him for the following reasons:

(1) because he was incarcerated and proceeding *pro se*, he was unable to interview his lay witnesses prior to trial, thereby resulting in their "fear" and refusal to testify; (2) the Court made improper and prejudicial remarks toward Plaintiff; (3) the Court threatened the Plaintiff; and (4) the Court made improper remarks to Juror #20 (Doc. 88, pp. 1-3). Plaintiff further asserts that because he was not appointed counsel and because he believes he proved his case against each Defendant, he should be granted a new trial (*Id.*, pp. 3-11). These last two grounds, as well Plaintiff's assertion regarding his inability to talk to his witnesses before trial (*Id.*, p. 1, ¶ 1A) were the subject of Plaintiff's Rule 60(b) Motion (Doc. 86), which the Court discussed at length in its Order denying the Motion (Doc. 112), finding no merit in such arguments. The Court will not revisit the same legal arguments here, but instead, finds no merit in them as before, and incorporates herein its rationale from its July 16, 2010 Order (Doc. 112) regarding these arguments. Thus, the Court will only address the remainder of Plaintiff's grounds for a new trial, which deals with allegations of the Court's own behavior.

        Plaintiff claims that the Court made "improper and prejudicial" remarks toward him during trial when this Judge stated that he did not believe the reason Plaintiff's witnesses refused to testify was because of fear of retaliation from prison correctional officers (Doc. 88, p. 2, ¶ 1B). In reviewing a rough transcript of the jury trial, the Court is unable to find such a statement. However, even assuming Plaintiff's recall was accurate, it is a moot point. The Court found during trial that the anticipated witness testimony would be inadmissible evidence based on the

grounds that it amounted to improper speculation or hearsay. Plaintiff further claims that the Court "threatened" him by stating, "Next time make sure you talk to your witnesses prior to trial" (*Id*. at ¶ 1C). Plaintiff also claims that the Court had no respect for him when it stated, "Next time you give an opening statement you should play the music on video conference machine" (*Id*. at ¶ 1F). There is no record of such statements made by the Court on the rough transcript nor can the Court recollect making such statements to Plaintiff. The record reflects that the Court has been both fair and lenient with Plaintiff and will remain so.

      Lastly, Plaintiff claims that during voir dire, the Court made improper remarks toward Juror #20, who began to cry, which Plaintiff believes shows that the Court did not have Plaintiff's best interests in mind and thereby "tainted" his jury panel so that he did not receive a fair and impartial jury. Regarding the Court's remarks to Juror #20, they were not improper. She merely had a fear of speaking in front of people. During the Court's questioning, given the large jury pool, Juror #20 had to stand up to answer a few questions. Unbeknownst to the Court at the time of questioning, she began to cry due to her anxiety and nervousness of speaking in front of large groups. Once she made this clear to the Court, this Judge apologized and that was the end of the matter. Regardless, this argument has no merit for Plaintiff, as the Court granted Defendants' motion for judgment as a matter of law, after the close of Plaintiff's case – therefore, this case never reached the jury. Any possible bias of the jury towards Plaintiff would have nothing to do with the outcome of the trial with which Plaintiff now takes issue. In sum, the grounds upon

which Plaintiff asserts entitle him to a new trial do not show that the judgment, "on the record, cries out to be overturned or shocks [the Court's] conscience." **Davis, 445 F.3d at 979**.

### IV.  Conclusion

For the reasons discussed herein, the Court finds Plaintiff has not presented sufficient grounds required by Rule 59(a) to grant his request for relief for a new trial.  As such, Plaintiff's Motion for Relief From Judgment Under Rule 60(b) (Doc. 88) is **DENIED**.  Additionally, as stated herein, Plaintiff's second Motion for New Trial (Doc. 93) is **DENIED** as untimely.  The Court further **GRANTED IN PART AND DENIED IN PART** Plaintiff's Motion to Show Cause (Doc. 106).  As a final matter, Plaintiff has filed a Motion (Doc. 110), asking for the Court to rule upon his second Motion for New Trial (Doc. 93), so that he may raise the issues therein in his appeal.  Because the Court has now issued its ruling on his second Motion for New Trial, his Motion requesting a ruling be made is, de facto, **GRANTED** (Doc. 110).

**IT IS SO ORDERED**.

Signed this 19th day of July, 2010.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**